# United States Court of Appeals
## For the First Circuit

No. 07-2647

SUN LIFE ASSURANCE COMPANY OF CANADA,

Plaintiff, Appellee,

v.

FRANCIS J. SAMPSON, JR.,

Defendant, Appellant,

GRETCHEN C. SAMPSON; JAMES F. SAMPSON; JEFFREY F. SAMPSON,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Lynch, Chief Judge,
Boudin and Lipez, Circuit Judges.

Edgar L. Kelley on brief for appellant.
Kristina H. Allaire, Joan O. Vorster, and Mirick, O'Connell,
DeMallie & Lougee, LLP on brief for appellee.

February 12, 2009

**LYNCH**, **Chief Judge**.  Sun Life Assurance Company of Canada filed this interpleader action in August 2006, in order to resolve the allocation to beneficiaries of a $48,000 life insurance policy on Dianne Sampson, who died on December 26, 2005.  See 28 U.S.C. § 1335; Fed. R. Civ. P. 22.

Dianne Sampson initially signed a policy enrollment form designating her husband, Francis, as the primary beneficiary, but eleven days later executed a new form designating her husband and her three children, Gretchen, James, and Jeffrey, as primary beneficiaries.  This change created uncertainty as to whether the number of intended beneficiaries was one or four.

After repeatedly trying to resolve the matter by obtaining releases from the children that would have allowed for payment of the entire benefit to Francis Sampson, the insurer filed this interpleader suit and paid the relevant undistributed proceeds, $36,000, into the court.  Once the action was brought against them, all four Sampsons ignored the suit for ten months, never filing an answer or responses to Sun Life's motions for entry of default.  Francis did not appear until May 22, 2007 when he filed a motion to remove the default; his children never filed an answer or an appearance.

Francis Sampson's appeal is from the district court's September 14, 2007 order awarding Sun Life $8668, its attorneys' fees and costs for the interpleader action.  Sampson also appeals

the district court's subsequent denial of his motion to alter the judgment.  The district court later amended its award to include an additional $7236, the attorneys' fees and costs incurred by Sun Life in responding to Sampson's post-hearing filings.  This appeal concerns only the propriety of the district court's initial award.

The parties agree that the court had the power to award costs and attorneys' fees.  While neither Rule 22 nor the interpleader statute, 28 U.S.C. § 1335, refers to costs or attorneys' fees, such powers were part of the historic equity powers of the court in interpleader actions, and have long been recognized under both the Federal Rules and the statute.  See 7 Wright, Miller & Kane, Federal Practice and Procedure § 1719, at 674 (3d ed. 2001).  In addition, the court had the power under the interpleader statute to "make all appropriate orders to enforce its judgment."  28 U.S.C. § 2361.

It is settled that "[a] federal court has discretion to award costs and counsel fees to the stakeholder in an interpleader action . . . whenever it is fair and equitable to do so."  7 Wright, Miller & Kane, supra, § 1719, at 675.

> The test for awarding fees and costs is a typical equitable one that is very similar to the standard used to determine whether interpleader relief ought to be granted -- should the interpleading party be required to assume the risk of multiplicity of actions and erroneous election.  If not, then the stakeholder should be made whole.  The test is not satisfied if the stakeholder has contributed to the need for interpleader by

-3-

acting in bad faith or by unduly delaying in
seeking relief.

Id. at 682 (footnotes omitted); see also Septembertide Publ'g, B.V.
v. Stein & Day, Inc., 884 F.2d 675, 683 (2d Cir. 1989); Ferber Co.
v. Ondrick, 310 F.2d 462, 467 (1st Cir. 1962) (recognizing that
fees in an interpleader action are "usually awarded . . . to
compensate a totally disinterested stakeholder who [has] been . . .
subjected to conflicting claims though no fault of his own").  That
exercise of equitable power is reviewed by an appellate court for
abuse of discretion.  Aaron v. Mahl, 550 F.3d 659, 667 (7th Cir.
2008); cf. Mullane v. Chambers, 333 F.3d 322, 338 (1st Cir. 2003)
(reviewing an attorneys' fee award made under the district court's
inherent equitable power to award fees for abuse of discretion).

Francis Sampson contends that the award was an abuse of
discretion because the insurer acted in bad faith in filing the
interpleader action in federal court.[1]  His argument is that a
disagreement over the language of the releases to be given upon
payment had already been resolved, that there was no need to file
suit, and that Sun Life's reason for suing was that it wanted the
beneficiaries to pay for the litigation costs and fees it had
incurred for the state court action.  Sampson attempts to fit this
case into two categories where the interpleading party is not

---

[1]     Sun Life originally filed an interpleader action in state
court on June 7, 2006.  Realizing that the case was subject to
ERISA, Sun Life voluntarily dismissed the state case and refiled in
federal court.

-4-

usually allowed fees: (1) where the party acts in bad faith; and/or (2) where the interpleader is not disinterested, but benefits (beyond resolution of the issue) from the litigation. See Ferber, 310 F.2d at 467 (upholding the denial of fees where the "great bulk" of a party's efforts were devoted to addressing a counterclaim as to which it was "in no way disinterested"); First Interstate Bank of Or., N.A. v. United States, 891 F. Supp. 543, 548 (D. Or. 1995) (citing Schirmer Stevedoring Co. v. Seaboard Stevedoring Corp., 306 F.2d 188, 194-95 (9th Cir. 1962)) (noting that courts "routinely" award fees to a disinterested stakeholder "absent a showing of bad faith"); see also generally 7 Wright, Miller & Kane, supra, § 1719, at 684-86.

We start with the court's stated reason for the award. The court said that Sun Life brought the interpleader action after the three children had repeatedly refused to give it signed releases. The court found that Sun Life reasonably perceived a dispute among the potential beneficiaries because they were unwilling to sign the releases, raising the inference that the children would not disclaim their potential shares. It was not until the children attached affidavits to Francis Sampson's opposition memorandum on August 9, 2007 to Sun Life's motion for judgment on the pleadings that the children disclaimed any interest in the insurance proceeds. The court held:

> This [concession] is, however, "too little, too late" because 1) the insurer attempted to

-5-

resolve this matter without litigation, 2) Francis and the children refused to sign the release proposed by Sun Life and 3) none of the children has ever filed a responsive pleading in this case, which has now been pending for nearly one year. The motion for attorneys' fees and costs will, therefore, be allowed.

On appeal, Francis Sampson argues that there were two reasons the court erred in awarding fees.[2] He says that the interpleader action itself was improper because at the time the suit was filed (1) there were no competing claims to the insurance proceeds and (2) all issues associated with the releases to the insurer had been resolved. But that is not what he argued to the district court, where he did not challenge Sun Life's assertion that a dispute existed between the beneficiaries in his untimely answer or oppose the entry of judgment in favor of Sun Life. Instead, Sampson argued to the district court that an award of fees was improper because Sun Life was not a disinterested stakeholder,

---

[2] The record directly refutes Sampson's procedural argument that he was not given a fair opportunity to respond to the fees request. Sampson argues that he was "ambushed" at the August 3, 2007 scheduling conference when the district court, to his surprise, heard argument on Sun Life's motion for attorneys' fees. Yet the district court made clear in advance that it would hear the parties' arguments on the fees issue at that scheduling conference. Indeed, the district court's notice of the scheduling conference stated (in bold, underlined font): "Counsel should be prepared to argue any pending motions." The district court heard Sampson's argument regarding the award of fees at the scheduling conference and gave the parties a week to settle the case before issuing its ruling. And Sampson filed an opposition to Sun Life's motion for fees on August 9, 2007, which the district court acknowledged and considered in its September 10, 2007 memorandum and order awarding fees to Sun Life.

-6-

having created a dispute over the scope of the proposed releases. Sampson has waived the argument he now makes, and there was no abuse of discretion in the court's resolution of the issue presented to it.

Even if Sampson had not waived the argument, the district court committed no error in inferring that a dispute existed between the beneficiaries from their refusal to sign releases and did not abuse its discretion in awarding fees. To the extent Sampson is now arguing that the release issue had been resolved before the federal interpleader action had been filed, the record refutes this assertion. On June 28, 2006, Sampson's attorney merely proposed language for the releases that he would present to his client if Sun Life found it acceptable. Sun Life never agreed to this language, and the record does not indicate that Sampson himself ever approved the proposed language. Indeed, the next communication Sun Life received from Sampson's attorney was a notice that he was no longer representing Sampson. No releases were ever signed, and the issue was plainly not resolved before Sun Life brought this federal interpleader action.

We _affirm_. Costs are awarded to Sun Life.